No. 15-0708 – *In re: S.H.*

**FILED**

**June 16, 2016**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Workman, Justice, concurring:

This is a difficult case to resolve because the little girl who is the subject of these proceedings not only has an emotional bond with her grandmother, M.C., but also with the Intervenors, K.W. and C.W. The circuit court granted M.C.'s motion for an improvement period with terms adopted from the family case plan developed by the multi-disciplinary team. The goal from the beginning of this proceeding was reunification with grandmother. The undisputed evidence before the circuit court clearly demonstrated that grandmother had been compliant with the terms and conditions of her improvement period. She ceased her marijuana use, which was verified by multiple negative drug screens; she continued to maintain her job, her home, and complied with all requests from the Department.[1] Despite these facts, the circuit court halted the improvement period and entered an order terminating the grandmother's rights. No factual reasons were given by the court for the interruption of the improvement or the termination of the grandmother's guardianship rights.

Our case law is clear that

[a]t the conclusion of the improvement period, the court shall
review the performance of the parents in attempting to attain

---

[1] Importantly, N.H., the child's mother, has left M.C.'s residence; N.H.'s parental rights have been terminated and N.H. has no contact with S.H.

1

the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child.

Syl. Pt. 6, *In re Carlita B.,* 185 W.Va. 613, 408 S.E.2d 365 (1991); *see also* Syl. Pt. 2, in part, *In re Lacey P.,* 189 W.Va. 580, 433 S.E.2d 518 (1993) (stating that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements; it is also within the court's discretion to terminate the improvement period . . . if the court is not satisfied that the [respondent] is making the necessary progress.").

In addition, "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re B.H.*, 233 W.Va. 57, 754 S.E.2d 743 (2014).

These cases reflect the high level of trust and discretion the system places in the judgment of trial court judges who have direct contact with the child, the potential custodians, and all other individuals involved. However, while this Court is appropriately disinclined to substitute its judgment for that of the circuit court in child abuse and neglect proceedings, we must conclude that the circuit court abused its discretion when it terminated M.C.'s improvement period and guardianship without establishing any record regarding the factors which persuaded it to make such disposition.

2

In fact, the record is completely devoid of *any* evidence that supports the conclusion that it was not in the S.H.'s best interests to be reunited with her grandmother. The strong bond that existed between the two remained intact during these proceedings. They have had visitation and remained in contact. The Department asserts that all reports were positive and that S.H. "enjoys being with her grandma." The Department states the best interests of S.H. would be served by returning the child to the grandmother/guardian who has cared for her since her birth, in light of her correction of the conditions that led to the removal of the child.

Because the circuit court failed to articulate any cogent reason to terminate the improvement period or to terminate rights, we remand this case for entry of an order continuing the improvement period. At the conclusion of M.C.'s improvement period, the circuit court must determine if M.C. can maintain the goals set for her and "whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return" of S.H. to her. Syl. Pt. 6, in part, *In re Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991).

The circuit court must also consider, however, what will be in the best interests of S.H. with regard to a continued relationship with the Intervenors K.W. and C.W. Without a doubt, S.H. has formed a bond with them, too, and S.H.'s best interests must be the primary standard by which we determine her rights to continued contact with

other significant figures in her life. As this Court explained in *Honaker v. Burnside*, 182 W.Va. 448, 388 S.E.2d 322 (1989):

> The best interests of the child concept with regard to visitation emerges from the reality that "[t]he modern child is considered a person, not a sub-person over whom the parent has an absolute and irrevocable possessory right. The child has rights. . . . " Another concern is "the need for stability in the child's life.... [T]ermination of visitation with individuals to whom the child was close would contribute to instability rather than provide stability.

*Id.*, at 452, 388 S.E.2d at 326 (citations and footnotes omitted).

Finally, "[n]o matter how artfully or deliberately the [circuit] court judge draws the plan for these coming months, however, its success and indeed the chances" for S.H.'s "future happiness and emotional security will rely heavily on the efforts of" M.C., K.W. and C.W. *Honaker*, 182 W.Va. at 453, 388 S.E.2d 326. "The work that lies ahead for both of them is not without inconvenience and sacrifice on both sides. Their energies . . . must be fully directed at developing compassion and understanding for one another, as well as showing love and sensitivity" to this little girl's feelings at a difficult time in all their lives. *Id.* at 453, 388 S.E.2d at 326-27.